*312
 
 Tateoh, Chief-Justice.
 

 A Judge cannot, under the restraint imposed by the act of 1796, giv-e an opinion in char ¡riñe; the Jury, whether a fact is fully or sufficiently s' , ° , ,, . , „ , , proved j “ such matter,” in the language oí the act, “being tlie time office and province of the Jury and if the charge in this case had simply stated that the settlement was proved by the witness, it would have been in conflict with the law ; when, however, it proceeds to state, that the settlement is proved
 
 if the Jury believe the
 
 •witness, it explains the sense in which the word
 
 proved
 
 is used as synonimous with evidenced, in which latter ■sense it would probably be understood by the Jury, who would then feel themselves at liberty to estimate the weight of the evidence. It were to scan the instruction with too critical an exactness, to award a new trial on this ground.
 

 As to the other point: The profession of a preacher does not necessarily invest a man with that purity of morals which renders him more scrupulous in declaring the truth than another man ; for it sometimes happens, that even the members of that sacred vocation are overpowered by the temptations to vice. That a witness is a preacher, ought, if proved, to be stated to the Jury, that they may judge how far that circumstance entitles his testimony to additional weight $ but even then a Jury would draw their conclusions from his individual character, and its correspondence with his profession, rather-than from the profession itself. The instruction given in this case can only be sanctioned by assuming the position, that a preacher
 
 ecc vi termini,
 
 denotes a person whose evidence is entitled to greater weight than that of another man : whereas, a preacher whose life and profession are at variance, is less entitled to confidence than another man, since to his other vices he adds that of hypocrisy ; and he who could impiously aim to deceive th« Deity, would not scruple to mislead his creatures. On
 
 *313
 
 this part' of the charge, therefore, a new trial must be awarded. >
 

 Hah. and Henderson, Judges, concurred.